# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BEVERLEY R. NETTLES,

    Plaintiff,
v.                                        Case No. 19-13794

MARK A. ARMITAGE, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR "PRELIMINARY INJUNCTION"

On December 27, 2019, Plaintiff Beverley Nettles filed a complaint and an ex parte motion for "preliminary injunction." The motion is properly cast as a motion for temporary restraining order ("TRO") because Plaintiff seeks ex parte relief. *See* Fed. R. Civ. P. 65(b)(1). Plaintiff is a former Michigan state court judge and attorney. She sues former and current members of the Michigan Attorney Discipline Board, Michigan Attorney Grievance Commission, and justices of the Michigan Supreme Court for an assortment of civil rights, constitutional, and tort claims. The factual background, legal claims, and requested relief in the complaint are difficult to parse. It appears that Plaintiff's allegations generally relate to some ill-defined conspiracy by Defendants to prevent the reinstatement of her law license by issuing a series of retroactive suspensions beginning around 2006. Plaintiff's motion for ex parte "preliminary injunction" broadly incorporates the allegations of her complaint.

When evaluating a motion for a TRO, a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d

750, 751 (6th Cir. 1969) (per curiam) (internal citation omitted). Rule 65 states in relevant part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The court balances four factors in considering whether to grant a TRO: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (internal citation omitted). Because a TRO is a form of emergency relief, the movant must show he would suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The court is not persuaded that Plaintiff satisfies any of the requirements for a TRO.

First, Plaintiff has not certified in writing why notice should not be provided to the opposing parties, as required by Rule 65(b). The court may properly deny her motion for this reason alone. Second, the court is not persuaded that any of the four factors the court must consider weigh in Plaintiff's favor. The first factor, in particular, weighs strongly against Plaintiff. It appears that Plaintiff's principal claim, and the claim at issue in her motion, is a "Disparate Impact Suit in violation of the Fourteenth Amendment Due

2

Process Clause." (ECF No. 1, PageID.2.) However, the federal statute she cites as giving rise to this claim, 28 U.S.C. § 1991, does not exist. Plaintiff is not likely to succeed on a non-cognizable claim. To the extent Plaintiff attempts to pursue a sex or race discrimination claim under Title VII, she has presented little more than passing comments related to her race and sex which are not specifically tied to her legal claims and insufficient to warrant the requested relief. The allegations in her motion related to the other three factors are largely conclusory and do not articulate any justifiable reason for the court to award immediate, ex parte relief. Accordingly,

IT IS ORDERED that Plaintiff's motion for ex parte "preliminary injunction" (ECF No. 2) is DENIED.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-13794.NETTLES.deny.preliminary.injunction.HEK.docx