**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BEVERLEY R. NETTLES,

    Plaintiff,
v.                                                            Case No. 19-13794

MARK A. ARMITAGE, et al.,

    Defendants.
                                                     /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Beverly Nettles is a former Michigan state court judge and attorney. She sues Mark Armitage, Executive Director of the Michigan Attorney Discipline Board; Robert Agacinski, Former Grievance Administrator for the Michigan Attorney Grievance Commission; Robert Young, Former Chief Justice of the Michigan Supreme Court; Clifford Taylor, Former Chief Justice of the Michigan Supreme Court; Stephen Markman[1], Michigan Supreme Court Justice; and the Michigan Supreme Court for an assortment of civil rights, constitutional, and tort claims related to the suspension of her law license. Pending before the court are two motions to dismiss filed by all of the Defendants in this case based on Plaintiff's failure to effect proper service. The motions have been fully briefed, and the court previously determined that these motions would be decided without oral argument. (ECF No. 9.) For the reasons explained below, the court will grant Defendants' motions and dismiss the case.

---

[1] Justice Stephen Markman was not originally listed in the docket's caption but is named in the complaint.

# I. BACKGROUND

On December 27, 2019, Plaintiff filed a five-count complaint in which she asserts various civil rights and tort claims related to her removal from the bench and the suspension of her law license. She also filed a "preliminary injunction," which the court construed as a request for a temporary restraining order and denied because her claims were not cognizable and failed to articulate a sufficient legal basis to warrant ex-parte injunctive relief. (ECF No. 5.)

On January 24, 2020, Defendant Agacinski filed a motion to dismiss the complaint for improper service. (ECF No. 6.) That same day, the remaining Defendants filed a joint motion to dismiss for improper service. (ECF No. 7.) The Defendants all proffer the same factual allegations. They assert that on January 3, 2020, an unidentified male attempted to serve a copy of the pleadings on the Office of the Attorney General, which is not a party to this case. Defendants state that Assistant Attorney General Jeanmarie Miller ("AAG Miller"), who is authorized to accept service on behalf of the Department of the Attorney General, met the individual at the security desk of the Attorney General's office and informed him that she could not accept service because the Department of the Attorney General was not a named defendant in the complaint. Through affidavit testimony, AAG Miller states that the man attempting to serve her then left the building to speak with a woman who was waiting outside. AAG Miller heard the woman yell "that is not true" before the woman entered the building. Once inside, the woman, who AAG Miller believes to be Plaintiff, "yelled" at AAG Miller that she was "wrong", threw the papers on the security desk, stated that she had been

served, and "ran out the door." (ECF No. 7-3, PageID.121.)

Three days after Defendants filed their motions, a "Certificate of Service" was docketed. The document bears a stamp stating that it was received by the Clerk's Office on January 2, 2020—weeks before it was docketed. The document also contains a personal statement from an individual named Luke Nickerson who states that he "personally served every Defendant on January 3, 2020, via the State Attorney General." (ECF No. 8, PageID.132.)

On February 18, 2020, Plaintiff filed a combined response to both motions, and Defendants Armitage, Michigan Supreme Court, Young, Markman, and Taylor thereafter filed a reply. No Defendant filed a waiver of service.

## II. STANDARD

Under the Federal Rules of Civil Procedure, a case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located, by delivering a copy of the summons and complaint to the individual personally, by leaving copies with an appropriate person residing at the defendant's usual place of abode or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e); Mich. Ct. R. 2.105. The summons must bear the seal and signature of the Clerk. Fed. R. Civ. P. 4(a)(1)(F)–(G). A party to a lawsuit cannot effect service. Fed. R. Civ. P. 4(c)(2).

## III. DISCUSSION

Defendants assert that they did not waive service of process and outline several deficiencies with Plaintiff's attempt to service process which they contend warrant dismissal under Rule 12(b)(5). First, Defendants argue that no summonses have been issued in this case. Second, they assert that Plaintiff herself attempted to effectuate service. And third, they contend that AAG Miller was not authorized to accept service for any Defendant and state that no Defendant has been personally served. Plaintiff's response, brief though it may be, is difficult to parse. Plaintiff does not deny that she was the woman who "yelled" that AAG Miller had been served on January 3, 2020. Instead, Plaintiff states that "Defendant's [sic] were properly served one copy of the ex-parte motion, complaint, exhibits, and summons to Attorney Jeanmarie Miller which is the designated agent to 'accept service of any summons and complaint …' on behalf of Attorney General Dana Nessel." (ECF No. 10, PageID.142.)

"[Plaintiff] bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "It is well established that in cases involving improper service, courts have broad discretion to dismiss the action." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). Dismissal is appropriate in this case because Plaintiff fails to satisfy her burden that she properly served Defendants.

The record suggests that Plaintiff herself attempted to serve Defendants and that the summonses she used during this attempt did not bear the seal of the Clerk; both

4

technical violations of Rule 4. However, such violations are ultimately of no consequence because Plaintiff failed to personally serve *any* of the named Defendants in this case and admits as much. In her response, Plaintiff states that she "served" AAG Miller. (ECF No. 10, PageID.143.) Neither AAG Miller or the Attorney General are named defendants. Nor is AAG Miller authorized to accept service on behalf of any Defendant. Thus, by her own admission, Plaintiff failed to effect service in compliance with Rule 4 because she failed to personally serve any named Defendant in this case. The court will grant Defendants' motions and dismiss the case pursuant to Rule 12(b)(5).

## IV. CONCLUSION

Plaintiff cannot effect proper service by providing a nonparty, who is not an authorized agent of any Defendant, with a copy of the pleadings. Accordingly,

IT IS ORDERED that Defendants' motions to dismiss (ECF Nos. 6, 7) are GRANTED and that the case is DISMISSED.

```
                              s/Robert H. Cleland            /
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE
```

Dated: March 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2020, by electronic and/or ordinary mail.

```
                              s/Lisa Wagner                  /
                              Case Manager and Deputy Clerk
                              (810) 292-6522
```

S:\Cleland\Cleland\HEK\Civil\19-13794.NETTLES.mtd.HEK.docx